## CIRCUIT COURT OF THE CITY OF ROANOKE

Gorman, Inc., et al.

v.

Trans-World Enterprises et al.

August 21, 1992

Case No. CL90001219

BY JUDGE CLIFFORD R. WECKSTEIN

This is a suit for a real estate commission. The defendants have filed a motion for summary judgment, and the parties have stipulated that the Court may consider depositions in ruling on the motion for summary judgment. Counsel for the parties have filed memoranda of law and have argued the motion orally. There are no material facts in dispute, and I find that this is a proper matter for consideration of summary judgment.

The defendants are a general partnership, which owned real property in the City of Roanoke, and the individuals who were members of the partnership. The plaintiffs are a real estate brokerage and an individual who was, at the time, a member of that real estate brokerage firm. For present purposes, I will refer to the plaintiffs, collectively, as "plaintiff," or "Gorman," and to the defendants, collectively, as "defendant" or "Trans-World."

This dispute revolves around the sale of real estate, owned by Trans-World, on Hershberger Road ("the Hershberger property"), in the City of Roanoke. In 1988, plaintiff and defendant entered into a listing agreement for the sale of the Hershberger property. When this listing agreement expired, on January 1, 1989, the property had not been sold. A second listing agreement, extending through November 1, 1989, was signed. When it expired, the property still had not been sold.

From time to time after the expiration of the written contract, plaintiff made efforts to sell the Hershberger property. Plaintiff has admitted that it never told defendant of these efforts.

In June of 1990, Trans-World contracted to sell the property to an entity with whom plaintiff had had some contact during the term of the written agreements. That sale later closed.

Plaintiff concedes that, on its face, the claim for a real estate commission is barred by the statute of frauds, which prohibits any action for such a commission unless there is a written contract evidencing the right to the commission. Code § 11–2(6a). Plaintiff's counsel also concedes that "the law in Virginia appears to be that the doctrine of part performance of an unwritten undertaking, which is within the statute of frauds, does not permit an action of law for damages." However, plaintiff alleges a right to compensation under the theory of quantum meruit.

> Quantum meruit (translated: "as much as deserved") is an equitable doctrine premised on the notion that one who benefits from the labor of another should not be unjustly enriched. *Kern v. Freed Co.* (Citation omitted.) To establish a right to relief on this basis under Virginia law, the claimant must show that (i) he rendered valuable services, (ii) to the defendant, (iii) which were requested and accepted by the defendant, (iv) under such circumstances as reasonably notified the defendant that the claimant, in performing the work, expected to be paid by the defendant. (Citation omitted.)

*Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corporation*, 961 F.2d 489 (4th Cir. 1992).

The depositions demonstrate that plaintiff cannot adduce evidence from which a jury could find proof of these elements.

In *Raymond*, the United States Court of Appeals for the Fourth Circuit (speaking through retired Justice Powell and applying Virginia law) discussed a category of cases like the case at bar: "These cases share a similar fact pattern: a quantum meruit claim is filed against a party with whom the claimant has previously made an express contract on the same matter. The rule in this context is well settled. *One cannot obtain quantum meruit relief from another if he has expressly delineated the contractual obligations the two will have on the subject in question.*" (Citations omitted.) (Emphasis added.) "Parties to an express contract are entitled to have their rights and duties adjudicated exclusively by its terms." *Id.* (Citation omitted.)

This rule, it seems to me, is fatal to the plaintiff's position. There is no dispute that the parties expressly delineated their agreement about commissions due after the contracts' termination dates.

One of the plaintiffs, William Schroeder, notwithstanding the unequivocal terms of his written agreements, testified to a belief that, if a real estate broker ever had supplied information necessary to consummate a sale of real estate, then the broker would receive a commission, regardless of when the sale took place. Mr. Schroeder's answer to the question of why, if that be the case, one would include (as in the contracts at bar) a provision granting a broker a commission for sales consummated within a specific period after the contract's termination date, under specified circumstances was, "I don't know." *Compare, Edmonds v. Coldwell Banker Real Estate*, 237 Va. 428, 377 S.E.2d 443 (1989).

Perhaps it is based upon this belief that Gorman makes its claim for commission. Mr. Schroeder testified that the claim is not based on the express written contracts with Trans-World. There is no evidence to suggest that valuable services were requested of the plaintiff by the defendant, and accepted by the defendant, or of circumstances, following termination of the written contracts, which reasonably notified the defendant that the plaintiff, performing work, expected to be paid by the defendant. There is no suggestion that such evidence might be produced at trial.

For the foregoing reasons, and for the reasons set forth in the memoranda filed by the defendant and based upon the authorities therein cited, the Court will grant the defendants' motion for summary judgment and dismiss the suit with prejudice.